**In the Matter of OVERMYER CO., INC., Debtor.**

**Sidney B. LEVY, Plaintiff,**

v.

**Gary L. BLUM, et al., Defendants.**

**Bankruptcy No. 73–B–1129.**
**Adv. No. 83–769.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 31, 1983.

Jordan L. Wallach, Sarasota, Fla., for plaintiff.

Robert W. Pass, Tampa, Fla., for defendants.

### ORDER ON OBJECTION TO REMOVAL AND MOTION TO REMAND

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is an objection to the removal and a motion to remand a civil action originally commenced by Sidney B. Levy in the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida. The Defendants named by the Plaintiff in that action are Gary L. Blum, Chancey H. Levy, Robert L. Ruback and John R. Marvin, individually and as co-partners doing business as Levy, Levy and Ruback; Leon Finley, Steven Kumball, Robert Wagner, Andrew H. Heine, Neil Underberg, Gary L. Blum and Barry Simmet, individually and as co-partners doing business in Florida as Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey, and doing business in New York State as Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey, jointly and severally.

On August 3, 1983, Gary L. Blum, the law firm of Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey, Robert L. Ruback and the law firm of Levy, Levy & Ruback filed a verified application for removal of the civil action described earlier.

On August 9, 1983, this Court entered an order on the application for removal and granted the application. The Order further provided, however, that any objection to the removal or any motions to remand must be filed within 10 days from the date of the Order. On August 15, 1983, the Plaintiff filed an objection to the removal and also a motion to remand the civil action described earlier.

In order to put the matter in proper focus, a brief summary of the civil action sought to be remanded to the state court should be helpful.

The Complaint filed by the Plaintiff, Sidney B. Levy, consists four counts. In Count I, the Plaintiff seeks damages for an alleged breach of agreement between the Plaintiff and the named Defendants. In Count II, the Plaintiff seeks an accounting from the Defendants. In Count III, the Plaintiff charges that the Defendants converted funds which rightfully belong to him. Count IV seeks an action to impose a constructive trust on certain monies received by and held by the Defendants.

The factual background and history which gives rise to these claims stems from a pre-Code Chapter XI arrangement proceeding involving Overmyer Co., Inc. and its numerous affiliates which is still pending in the Southern District of New York. The law firm of Levy, Levy & Ruback appeared as counsel of record for the Debtors and for its related companies in that case. The Plaintiff who was at one time a member of that law firm contends that as a result of his earlier association with that law firm, he is entitled to share on any fees allowed by the Bankruptcy Court to his former law firm which later on merged with the law firm of Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey. It appears that after the merger, the Finley law firm was retained as counsel for the various Overmyer entities pursuant to an order entered by the Bankruptcy Court in the Southern District of New York and some time later on, that Court approved an interim allowance of $585,000 to the Finley law firm. This amount was, in fact, paid by the Debtor and was deposited in the Finley's firm account. The claims asserted by the plaintiff relate solely to these funds received by the Defendants as an interim allowance and is not related to any assets comprising the estates of the various Overmyer debtor corporations.

It is the contention of the Plaintiff that the removal of this cause from the state court to the Bankruptcy Court was improper because pursuant to 28 U.S.C. § 1478(a), a case cannot be removed if the Bankruptcy Court does not have jurisdiction over the claim or cause of action. In this connection, it is the contention of the Plaintiff that this Court lacks jurisdiction because this controversy between the Plaintiff and these Defendants is neither a proceeding arising in, under or related to any case under Title 11. In addition, it is the contention of the Plaintiff that in any event, this civil action should be remanded to the state court based on equitable grounds.

At the duly scheduled and noticed hearing, this Court, rather than considering the grounds for remand urged by the Plaintiff, indicated that it had serious doubts as to the propriety of this removal not on the grounds urged by the Plaintiff, but simply on the ground that 28 U.S.C. § 1478 does not apply to this case because this is a bankruptcy case filed pursuant to Chapter XI of the 1898 Act, therefore, none of the provisions of the Bankruptcy Reform Act of 1978 and, in turn, 28 U.S.C. § 1478(b), apply. Neither the Plaintiff nor the Defendants considered this aspect of the problem at all and because the Defendants professed that they had no opportunity to research the issues raised by the Court, requested time to research the matter in order to furnish authorities to this Court in support of the conclusion that the removal was proper and the objection to the removal and motion to remand should be denied.

■ Initially, it was the contention of the Defendants that the suit removed from the state court involves a federal question, therefore, by virtue of 28 U.S.C. § 1331, this Court has jurisdiction of the subject matter, and therefore, the removal was

proper and by virtue of the automatic reference which currently governs administration of bankruptcy case, it would have been proper for the District Court to refer the matter to the Bankruptcy Court. In response to this argument, the Court pointed out that 28 U.S.C. § 1331 gave subject matter jurisdiction to the United States District Courts and not to the Bankruptcy Courts. There is an additional difficulty with this contention. As noted earlier, this is a pre-Code case and the reference provisions of the pre-Code law and the pre-Code Bankruptcy Rules refer to references of "cases," not "proceedings" and since there is no case pending in this District, the United States District Court for the Middle District of Florida could not refer an arrangement proceeding which is pending in the Southern District of New York.

■ The Defendants, realizing the difficulty with the logic of their argument, urge that the transition provisions of the Bankruptcy Reform Act of 1978, Title IV, § 401 et seq., would warrant a retention of this case for the following reasons: § 404(a) of Title IV defines the "court of bankruptcy" during the transition as the courts of bankruptcy as defined by § 1(10) of the Bankruptcy Act and created by § 2(a) of the Bankruptcy Act of 1898 and as existed on September 30, 1979. This Section also provides that the pre-Code bankruptcy courts shall continue to function as courts of bankruptcy up to the end of the transition; that is, up to March 31, 1984, for the purpose of the Bankruptcy Act of 1898.

Based on this premise, counsel contends that since § 405(b) of Title IV of the Bankruptcy Reform Act provides that all amendments made by § 241 shall apply to the courts of bankruptcy during the transition including the removal provisions of the Bankruptcy Act, 28 U.S.C. § 1478, therefore, the removal was proper.

The difficulty with this argument should be evident, of course, when one considers the savings proviso of the Bankruptcy Reform Act of 1978 which provides that a case commenced under the Bankruptcy Act and all matters and proceedings in or relating to

any such case shall be conducted and determined under such Act as if this Act, i.e. the Bankruptcy Reform Act, had not been enacted and the substantive rights of the parties in connection with any such bankruptcy case, matter or proceeding shall continue to be governed by the law applicable to such case, the matter or proceeding as if the Act has not been enacted. Thus, it is evident that all cases filed prior to October 1, 1979 are governed by the Act of 1898 and not by any provisions of the Bankruptcy Reform Act of 1978. This being the case, it is evident that since the Act of 1898 contains no provision for removal and there is no statutory authority to remove a civil suit from the state court to the Bankruptcy Court even if the same is related to a bankruptcy case filed under the Act of 1898.

■ In a last ditch effort to keep this civil suit out of the state court and keep it in this Court, counsel for the Defendants urges as an alternative solution, to transfer this proceeding to the United States District Court. This contention is based on pre-Code Rule 915. This Rule authorizes this Court, rather than dismiss the case for lack of jurisdiction, to transfer the same to the United States District Court. There is no question that Bankruptcy Rule 915 does apply to pre-Code cases. Bankruptcy Rule 915(b) does authorize a transfer of a civil case to the District Court in the event the Bankruptcy Court sustains a timely objection to the jurisdiction of the Bankruptcy Court. The difficulty with this proposition is, however, that this Rule deals with matters which are originally brought in the Bankruptcy Court in which the Defendant objected to the plenary jurisdiction of the Bankruptcy Court. This Rule was not designed and cannot be applied to any civil action which was improperly removed to the Bankruptcy Court and did not belong in the Bankruptcy Court in the first place.

This being the case, this Court is constrained to conclude that the removal was improper and, therefore, the objection to the removal shall be sustained and the motion to remand shall be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Remand the civil action filed by the Plaintiff be, and the same hereby is, granted and the civil action styled "Sidney B. Levy v Gary L. Blum," Case No. 83–2372–CA–01 be, and the same hereby is, remanded to the Circuit Court for the Twelfth Judicial Circuit Court in and for Sarasota County, Florida.